3:12-cv-1173·J·32 TEM

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA

CASE NO.:

16· 2012-CA·010248·

SAMUEL ROSS, individually and on behalf of
himself and all others similarly situated,

    Plaintiff,

    v.

CITIFINANCIAL AUTO LTD., INC (MN),
a Minnesota corporation,

    Defendant.

DIVISION CV-B

CLASS REPRESENTATION

FILED
SEP 12 2012
_____
DUVAL CIRCUIT COURT

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Samuel Ross, an individual ("Mr. Ross"or "Class Representative"), brings this

Class Action Complaint against CitiFinancial Auto Ltd., Inc. (MN), a Minnesota corporation

("CitiFinancial"), on his own behalf and that of all others similarly situated, seeking injunctive

and monetary relief to remedy the unlawful auto repossession and deficiency collection practices

of CitiFinancial, and would state as follows:

### I. INTRODUCTION

1.    Various provisions of the Florida Uniform Commercial Code, Florida Statute

§§679.610-679.626 form a complementary scheme governing the repossession and subsequent

sale of consumers' motor vehicles. These laws require that creditors send specific notices to

borrowers whose cars the creditors repossess, and guarantee borrowers certain rights upon

repossession. When CitiFinancial repossesses its borrowers' cars it sends form notices which

conceal its identity as secured creditor, violating the statutory right to know the repossessing creditor's identity.

2.      As described below, Mr. Ross and other similarly situated consumers were sent a form Post-Repossession Notice which identifies Santander Consumer USA ("Santander") as the secured creditor, although Santander was merely CitiFinancial's loan servicer.

3.      The foremost disclosure the UCC requires in post-repossession notices is the identification of the secured party. Florida Statute §§679.613(1)(a) and 679.614(1)(a) provide that the notice is sufficient if it "describes the debtor and the secured party." For reasons which are not apparent, CitiFinancial does not identify itself as the secured party in the post-repossession notices it causes Santander to send to CitiFinancial's consumer debtors.

4.      CitiFinancial also failed to provide Mr. Ross and similarly situated consumers with statutorily required notices concerning the disposition of their repossessed vehicles and the amounts allegedly still owed after the vehicles were sold.

## II. JURISDICTION

5.      Jurisdiction and venue is proper in this Court because CitiFinancial is doing business in Duval County, Florida.

## III. PARTIES

6.      At all times material hereto, CitiFinancial was a Minnesota corporation doing business in Duval County, Florida.

7.      At all times material hereto, CitiFinancial was engaged in the business of providing financing to purchasers of automobiles in Florida.

8.      At all times material hereto, Mr. Ross was *sui juris* and a resident of Duval County, Florida.

## IV.   ALLEGATIONS OF LAW AND FACT

### A.   Facts Pertaining to the Ross Transaction

9.     On May 12, 2006, Mr. Ross entered into a retail installment sale contract ("Ross RISC") for the purpose of a new 2006 Chrysler 300 automobile, VIN: 2C3KA43R76H265286 ("Ross Vehicle"). The Ross RISC carried an annual percentage rate of 17.99%.

10.    The Ross RISC was subsequently assigned to CitiFinancial.

11.    Mr. Ross made substantial installment payments on the Ross Vehicle from May 2006 through March 2011.

12.    Mr. Ross missed the April and May 2011 payments as a result of a decline in the income of Mr. Ross on account of Mr. Ross becoming totally disabled in 2008.

13.    On or about July 20, 2011, CitiFinancial caused the Ross Vehicle to be repossessed.

14.    Shortly thereafter CitiFinancial caused Santander to send Mr. Ross a notice (the "Post-Repossession Notice") advising him of the repossession and of its intent to dispose of the Ross Vehicle. A true and correct copy of the Post-Repossession Notice is attached as Exhibit "A."

15.    On or about August 3, 2011, CitiFinancial sold the Ross Vehicle or caused it to be sold.

### B.   Applicable Law and CitiFinancial's Misconduct

16.    The Post-Repossession Notice which CitiFinancial sent Mr. Ross is required by the UCC, Florida Statute §§679.610-679.614. These provisions of Florida law regulate the repossession and disposition of motor vehicles financed under retail installment sales agreements

("RISC"). To protect consumers' valuable property interests in financed vehicles, the UCC imposes strict and mandatory requirements on sellers and holders of RISCs, such as CitiFinancial, following a repossession.

17.     Before a creditor may sell a repossessed vehicle, the UCC requires that it send the borrower "a reasonable authenticated notification of disposition." UCC, § 679.611.

18.     Among other obligations, §§ 679.613 and 679.614 specify the information that must be included in a Post-Repossession Notice for it to comply with the law. Section 679.613(1) provides, in pertinent part, that the Notice must:

> . . .
> (a)  describes the debtor and the secured party.

19.     Section 679.614(1) provides, in pertinent part, that in a consumer transaction the notice must provide, among other things, the information specified in Section 679.613(1).

20.     A creditor's failure to comply with the mandatory notice requirements of UCC §§ 679.613 and 679.614 makes the presumptive value of the collateral equal to the secured indebtedness. UCC § 679.626. Thus, it is statutorily presumed that the secured party is due no deficiency after the disposition of the collateral.

21.     A creditor's failure to comply with the mandatory notice requirements of UCC §§ 679.613 and 679.614 renders it liable for statutory damages in the amount of the finance charge and 10% of the principal borrowed, pursuant to § 679.625. *Weiner v. American Petrofina Marketing, Inc.*, 482 So.2d 1362, 1365 (Fla.1986).

22.     On information and belief, in the four years preceding the filing of this Complaint, CitiFinancial has unlawfully collected or attempted to collect deficiency balances from consumers issued defective post-repossession notices, without ever overcoming the statutory presumption barring the collection of such deficiencies accounting for a set-off in the amount of

the statutory damages set forth under Florida Statute § 679.616(2)(a).

23.    In addition to the unlawful collection or attempt to collect deficiency balances from consumers, CitiFinancial has maintained a practice and policy of reporting to the three national consumer reporting agencies, to-wit: Equifax Credit Information Services, Inc., Experian, Inc., and TransUnion, LLC (hereinafter referred to collectively as the "CRAs") derogatory information concerning the Class Representative and the members of the class which failed to account for the statutory presumption and/or the set-off for statutory damages described herein.

### C.  Attorney Fees Entitlement

24.    The finance agreement represented by the RISCs upon which CitiFinancial has initiated collection efforts provides for the recovery of attorney's fees and costs in the event the holder of the finance agreement is required to take any action to enforce the terms thereof.

25.    The Class Representative has retained the undersigned law firm to represent his interest herein and is obligated to pay said firm a reasonable fee for its services.

26.    Pursuant to Florida Statute §57.105(7), when a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorneys fees to the other party (whether a plaintiff or defendant) when that party prevails in the contract action.

### V.  CLASS ALLEGATIONS

#### A.  Definition of Class

27.    Pursuant to Rule 1.220(c)(2)(A), Florida Rules of Civil Procedure, this is a case maintainable on a class-wide basis pursuant to Rule 1.220(b)(2) and (b)(3), Florida Rules of Civil Procedure, and Mr. Ross brings this action on behalf of himself and of a class of all other persons

similarly situated, to remedy the ongoing unfair, unlawful, and/or deceptive business practices alleged herein, and seeks redress on behalf of all those persons who have been harmed thereby.

28.     On information and belief, the Post-Repossession Notice, attached as Exhibit A, or variants of it containing the enumerated defect described herein, is the standard form of Post-Repossession Notice CitiFinancial has sent or caused to be sent to Florida residents whose vehicles it has repossessed since September 1, 2008.

29.     The class is comprised of all persons who:

    (a)     have or had a RISC held by CitiFinancial securing a motor vehicle purchased in Florida;

    (b)     had their motor vehicle repossessed in Florida by CitiFinancial or its agents;

    (c)     were sent a post-repossession notice which failed to describe CitiFinancial as the secured party;

    (d)     against whom CitiFinancial has not obtained a deficiency judgment as to such RISC; and

    (e)     who has not obtained a discharge in bankruptcy applicable to any such RISC.

### *B.  Identification of Common Questions of Law or Fact*

30.     Pursuant to Rule 1.220(c)(2)(B), Florida Rules of Civil Procedure, there are questions of law and fact common to the Class, which common issues predominate over any issues involving owing individual class members.

31.     The facts common to the Class Representative and to each class member is that each was sent a letter in the form of Exhibit A and has been subjected or may be subjected to collection and credit reporting activities described herein.

32.     There are questions of law and fact common to the class, which predominate over

any questions affecting only individual class members. The principal common issues with respect

to the class are, inter alia, whether; CitiFinancial's form Post-Repossession Notice failed to

provide to proposed class members whose vehicles were repossessed all the disclosures required

by Florida Statute §§ 679.613 and 679.614; whether CitiFinancial is entitled to collect deficiency

balances from proposed class members; whether its practice of seeking deficiencies without

providing proper notice of consumer rights upon repossession violates the UCC; and whether

CitiFinancial is liable for statutory damages under Florida Statute § 679.625.

### C. *Allegations of Typicality*

33.     Pursuant to Rule 1.220(c)(2)(C), Florida Rules of Civil Procedure, Mr. Ross'

claims are typical of the class he seeks to represent in that he was sent a form notice in the form

of Exhibit A and has been subjected to the collection and credit reporting activities described

above.  As such, his claims are identical to that of the class members.

### D. *Allegations of Numerosity*

34.     In the auto finance industry in Florida, similar finance companies experience a

default rate of 3% to 5% of their portfolios. See, generally, S. Agarwal and B. Ambrose,

*Household Credit Usage (2007)*. Based on the best due diligence and the experience of Class

Counsel, the Class Representative believes that CitiFinancial repossessed in excess of one

hundred vehicles in Florida in each year of the class period.

35.     Based on the foregoing, the prospective class numbers are at least in the hundreds

and putative class members are so numerous that joinder of all would be impractical. The exact

size of the proposed class and the identity of its members are readily ascertainable from

CitiFinancial's business records.

*E. Adequacy of Class Representative*

36. Pursuant to Rule 1.220(c)(2)(D)(iii), Florida Rules of Civil Procedure, Mr. Ross will fairly and adequately protect and represent the interests of each class member. He has retained counsel with substantial experience in handling class actions in federal and state court. *See*, e.g., *Martinez v. FMS Inc.*, 2008 WL 4010101 (M.D. Fla. 2008); *Brown v. SCI Funeral Services of Florida, Inc.*, 212 F.R.D. 602 (S.D.Fla.2003); *Baez v. Wagner & Hunt, P.A.*, 442 F.Supp. 2d 1273 (S.D. Fla. 2006); *Jansen v. West Palm Nissan, Inc.*, 2006 WL 1582068 (S.D. Fla. 2006); *Tyrell v. Robert Kaye & Associates, P.A.*, 223 F.R.D. 686 (S D. Fla. 2004). Further, counsel has substantial experience in litigating individual and class actions under the Uniform Commercial Code. *See*, e.g., *Muro v. Hermanos Auto Wholesalers, Inc.*, 514 F.Supp. 2d 1343 (S.D. Fla. 2007); *Westlake Financial Services v. Ray*, 923 So.2d 555 (Fla. 4th DCA 2006).

37. Mr. Ross has no conflicts of interest which would interfere with his ability to represent the interests of the class members.

*F. Appropriateness of Hybrid Class Treatment Under Rule 1.220(b)(2) and (3)*

38. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to the individual class members against CitiFinancial.

39. Members of the proposed class who have an interest in individually controlling the prosecution of separate claims against CitiFinancial will not be prejudiced by this action. Each member of the proposed class will be identified through discovery from CitiFinancial and will be

notified and given an opportunity to opt out of the class.

40.    Mr. Ross does not presently know the nature and extent of any pending litigation to which a member of the proposed class is a party and in which any question of law or fact controverted in the present action is to be adjudicated. Mr. Ross will identify any such pending litigation by discovery from CitiFinancial.

41.    This Court is an appropriate forum for the present action in that Mr. Ross is, and at all times herein mentioned has been, a resident of this county; his vehicle was purchased and repossessed in this county; and CitiFinancial does business in this county, including without limitation providing to residents of this county financing of motor vehicles that are consumer goods.

42.    Certification of a class under Rule 1.220(b)(2), Florida Rules of Civil Procedure, is appropriate as CitiFinancial has acted on grounds generally applicable to the Class with respect to the collection and credit reporting activity described above thereby making appropriate equitable relief with respect to the Class as a whole. Unless restrained from such activities, CitiFinancial will continue to unlawfully harm the interests of Mr. Ross and the Class, for which no adequate remedy at law exists.

43.    Certification of a class under Rule 1.220(b)(3), Florida Rules of Civil Procedure is also appropriate in that:

(a)    The questions of law or fact common to the members of the class predominate over any questions affecting an individual class member; and

(b)    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

44.    Mr. Ross requests certification of a hybrid class for monetary damages under Rule

1.220(b)(3) and for equitable relief under Rule 1.220(b)(2), Florida Rules of Civil Procedure. *See, Penson v. Terminal Transport Co., Inc.*, 634 F.2d 989, 994 (5th Cir.1981); *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692 (S.D.Fla.2004).

45.     There are no difficulties likely to be encountered by the Court in the management of this proposed class action. There are no individual questions, other than those which can be determined by ministerial inspection of CitiFinancial's records, and the issues of liability are determinable entirely from the face of the operative documents.

46.     Mr. Ross's counsel is entitled to a reasonable fee from the class members or from a common fund for the handling of this action.

## CAUSES OF ACTION

### COUNT I
#### (Violation of Florida Statute § 679.610, Uniform Commercial Code)

47.     This is an action involving an amount in controversy in excess of Fifteen Thousand Dollars ($15,000), exclusive of interest, costs and attorney's fees.

48.     The Class Representative realleges and reincorporates by reference the allegations of paragraphs 1 through 46 as though fully set forth herein.

49.     Florida Statute § 679.610 provides that every aspect of a disposition of collateral, including the method, manner, time, place and other terms, must be commercially reasonable.

50.     CitiFinancial violates Florida law by using a form notice that violates the UCC

51.     CitiFinancial has thus deprived Mr. Ross and class members of substantial rights granted to them under Florida law, including, but not limited to, the right to obtain a notice of disposition of collateral that fully and accurately discloses their rights upon repossession.

52.     As a direct and proximate result of CitiFinancial's on-going unlawful conduct, Mr. Ross and class members have been damaged and have suffered economic losses in an amount to

be proven at trial.

53.    Mr. Ross and class members are therefore entitled to damages, pursuant to Florida Statute § 679.625, as well as injunctive relief.

## COUNT II
### (Violation of Florida Statute § 679.611, Uniform Commercial Code)

54.    This is an action for damages involving an amount in controversy in excess of Fifteen Thousand Dollars ($15,000), exclusive of interest, costs and attorney's fees.

55.    The Class Representative realleges and reincorporates herein by reference the allegations of paragraphs 1 through 46 above as if set forth in full herein.

56.    Florida Statute § 679.611(2), requires secured parties such as CitiFinancial send a "reasonable authenticated notification"of disposition of collateral.

57.    The standard form represented by the Post-Repossession Notice violates Florida Statute § 679.611 in that CitiFinancial failed to provide reasonable notice of disposition of collateral to Mr. Ross and Class Members.

58.    As a direct and proximate result of the acts hereinabove alleged and CitiFinancial's ongoing unlawful conduct, the Class Representative and class members have been damaged and have suffered economic losses in an amount to be proven at trial.

59.    The Class Representative and class members are therefore entitled to damages, pursuant to Florida Statute §679.625, as well as to injunctive relief.

## COUNT III
### (Violation of Florida Statute §679.614, Uniform Commercial Code)

60.    This is an action involving an amount in controversy in excess of Fifteen Thousand Dollars ($15,000), exclusive of interest, costs and attorney's fees.

61.    The Class Representative realleges and reincorporates herein by reference the

allegations of paragraphs 1 through 46 above as set forth in full herein.

62.     Florida Statute § 679.614(1)(a) requires that a post-repossession notice include the information provided in Florida Statute §679.613(1).

63.     The standard form represented by the Post-Repossession Notice violates Florida Statute § 679.614 in that CitiFinancial failed to describe CitiFinancial as the secured party as mandated by Florida Statute §679.613(1)(a).

64.     As a direct and proximate result of the acts hereinabove alleged and CitiFinancial's ongoing unlawful conduct, Mr. Ross and class members have been damaged and have suffered economic losses in an amount to be proven at trial.

65.     Mr. Ross and class members are therefore entitled to damages, pursuant to Florida Statute § 679.625, as well as to injunctive relief.

## COUNT IV
### Action for Equitable Relief (Common Law)

66.     This is an action for equitable relief involving an amount in controversy in excess of Fifteen Thousand Dollars ($15,000), exclusive of interest and costs.

67.     The Class Representative realleges and reincorporates herein by reference the allegations contained in paragraphs 1 through 46 above as if set forth in full.

68.     As detailed above, since the repossession of the vehicles of Mr. Ross and the class members, CitiFinancial has wrongfully collected and/or reported credit information to the CRAs with respect to their consumer reports.

69.     Mr. Ross and the class members do not have an adequate remedy at law with respect to the continued collection and/or reporting of materially inaccurate adverse credit information to the CRAs.

70.     Mr. Ross and the class members will suffer irreparable injury if CitiFinancial is not

enjoined from the future wrongful collection and reporting of adverse information to the CRAs.

## COUNT V
### *Action for Equitable Relief (U.C.C.)*

71.    This is an action for equitable relief pursuant to Florida Statute § 679.625, involving an amount in controversy in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

72.    The Class Representative realleges and reaffirms the allegations contained in Paragraphs 1 through 46 above as if set forth in full herein.

73.    *As detailed above, CitiFinancial has acted wrongfully with respect to the* disposition of collateral represented by the RISC by failing to provide the statutorily mandated notice set forth in Florida Statute § 679.614.

74.    *Pursuant to Florida Statute § 679.625, if it is established that a secured party is not* proceeding in accordance with the operative provisions of the UCC, the court may enter an order restraining collection, enforcement or disposition of collateral of appropriate terms and conditions.

75.    Mr. Ross does not have an adequate remedy at law with respect to the disposition of the Ross Vehicle.

76.    Mr. Ross will suffer irreparable injury if CitiFinancial is not enjoined from disposing of the Ross Vehicle

## PRAYER FOR RELIEF

WHEREFORE, Mr. Ross respectfully prays for relief as follows:

A.    For an order certifying this claim as a class action;

B.    For statutory damages under the Uniform Commercial Code for each class member in the amount of either the credit service charge plus ten percent of the principal amount of the

obligation, or the time-price differential plus ten percent of the cash price, whichever is greater, according to proof, pursuant to Florida Statute §679.625(3)(b);

C.      For an order preliminarily and permanently enjoining CitiFinancial from engaging in the practices alleged herein;

D.      For an order of mandatory injunction directed to CitiFinancial to remove any adverse credit information which may have been wrongfully reported on the consumer reports of the class members;

E.      For pre-judgment interest to the extent permitted by law;

F.      For an award of attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action to the extent permitted by law pursuant to Florida Statute §57.105(7); and

G.      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Samuel Ross, an individual, pursuant to Rule 1.430, Florida Rules of Civil Procedure, demands a trial by jury of all issues so triable.

ROBERT W. MURPHY
Florida Bar No. 717223
1211 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telefax
Email: rphyu@aol.com