UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:12-cv-1173-TJC-TEM

SAMUEL ROSS, individually, and on
behalf of all others similarly situated,

     Plaintiff,

v.                       CLASS ACTION

CITIFINANCIAL AUTO, LTD.,

     Defendant.

_____/

SETTLEMENT AGREEMENT AND STIPULATION

This Settlement Agreement and Stipulation (the "Settlement Agreement" or "Agreement") is entered into as of May 30th, 2014, between Plaintiff Samuel Ross ("Mr. Ross"), and Defendant CitiFinancial Auto Ltd. ("CitiFinancial"). Mr. Ross enters into this Agreement on behalf of himself and the Settlement Class (defined below).

WHEREAS, Mr. Ross filed a lawsuit in the Fourth Judicial Circuit in and for Duval County, Florida, against CitiFinancial, alleging violations of Florida statutory requirements for notices sent to him and similarly situated borrowers following repossession of their automobiles, which was subsequently removed by CitiFinancial to the United States District Court for the Middle District of Florida, Jacksonville Division; and

WHEREAS, CitiFinancial denies all allegations of fault, wrongdoing or liability

20812635 v1

in the Action and does not concede any infirmity in its respective defenses; and

WHEREAS, the Parties have agreed to seek certification of the Settlement Class, to have Mr. Ross appointed as representative of the Settlement Class ("Class Representative"), and to have Robert Murphy and John Roddy appointed to serve as counsel to the Settlement Class ("Class Counsel"); and

WHEREAS, CitiFinancial has provided certain information and made certain representations to Class Counsel concerning the manner in which business has been conducted in Florida as it pertains to the allegations contained within the Action. CitiFinancial has represented that such information and data is reasonably accurate and complete and consideration for this Settlement was calculated based on such reasonably accurate data; and

WHEREAS, CitiFinancial has represented that there are 1,107 accounts in the Settlement Class, including single and joint accounts; and

WHEREAS, Class Counsel has been provided with a declaration setting forth: the number of accounts in the Class Definition; the method used to identify the Class Members and deficiency amounts; and the name and title/job description of person(s) responsible for assembling the Class Member identification and deficiency information; and

WHEREAS, Class Counsel has thoroughly investigated and relied upon the reasonable accuracy and completeness of the information and data supplied by CitiFinancial and Santander and obtained reasonable discovery of information from CitiFinancial sufficient to consummate this Settlement; and

WHEREAS, the Class Representative, Samuel Ross, has participated actively in the litigation and mediation of this matters, appearing in court during motion hearings and attending a day-long mediation; and

WHEREAS, counsel for the Parties have conducted extensive settlement discussions and arm's-length negotiations in an effort to accomplish a compromise and settlement of the claims asserted in the Action. Based on the investigation, research and analysis conducted to date, the Parties consider it desirable and in their best interests, and in the interests of the Settlement Class, to have an opportunity to reach an equitable, appropriate, statewide resolution of the issues raised in the litigation, on the terms set forth herein, taking into account the risks and uncertainties involved in this Action, as well as other relevant considerations, including, but not limited to, the time and expense of defending costly and protracted litigation in the trial court, arbitration and/or on appeal, and to fully and finally resolve all claims asserted in this matter; and

WHEREAS, the Parties agree that, by entering into this Settlement, no party shall be deemed to have admitted in any way any claims or contentions made by the other nor to have diminished in any way the validity of any claims or contentions asserted by that party with respect to the Action. It is further specifically agreed that CitiFinancial's execution of this Settlement Agreement is not and shall not be construed as an admission or deemed to be evidence: (a) of the validity of any of the claims made by the Class Representative for himself or on behalf of the members of the Settlement Class or of any liability to the Class Representative or to any member of the Settlement Class; (b) that CitiFinancial has violated any Florida Statutes; or (c) that the Action is properly

maintainable as a class action. The Parties further agree that, except for those documents filed with this Court for the purpose of obtaining approval of and implementing the Settlement, none of the documents prepared or executed by any party in negotiating or implementing the Settlement, nor any of the terms of any such documents, shall ever be offered in evidence in or shared with any third-party or any party to any civil, criminal or administrative action or proceeding without CitiFinancial's express written consent.

NOW, THEREFORE, in consideration of the mutual promises and covenants contained in this Settlement Agreement, and subject to approval by the Court as provided herein pursuant to Rule 23 of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed by and between the Class Representative, acting for himself and on behalf of the Settlement Class, and CitiFinancial, that all claims, rights and causes of action, state or federal, and including damages, losses and demands of any nature, that have been asserted by CitiFinancial and by the Class Representative and the Settlement Class in this Action shall be settled, released and dismissed with prejudice upon and subject to the following terms and conditions, subject to approval by the Court.

<u>Definitions</u>

1.    The following terms shall have the following meanings in this Settlement Agreement and the annexed exhibits.

1.1.    "Action" means the Action captioned above pending in the United States District Court for the Middle District of Florida, Jacksonville Division.

1.2.    "Class Counsel" means and refers to: Robert W. Murphy, 1212 S.E.

2nd Avenue, Fort Lauderdale, FL 33316, and John Roddy, Bailey & Glasser LLP, 125

Summer Street, Suite 1030, Boston, MA 02110.

      1.3.   "Class Period" means the period from September 12, 2008 through

April 8, 2014.

      1.4.   "Class Definition," "Class Members" and "Settlement Class" mean

and consist of all persons who, from September 12, 2008 to April 8, 2014:

      1.4.1   have or had a Retail Installment Sales Contract ("RISC") held by CitiFinancial secured by a motor vehicle purchased in Florida;

      1.4.2   had their RISC serviced by Santander Consumer USA, Inc. ("Santander");

      1.4.3   had their motor vehicle repossessed in Florida by CitiFinancial, Santander or their agents;

      1.4.4   were sent a post-repossession notice from Santander while it was servicing a RISC owned by CitiFinancial which failed to describe CitiFinancial as the secured party;

      1.4.5   still have their loan owned or serviced by CitiFinancial or Santander;

      1.4.6   against whom CitiFinancial or Santander has not obtained a deficiency judgment;

      1.4.7   have not obtained a discharge in bankruptcy applicable to any such RISC;

      1.4.8   have not filed for bankruptcy following the repossession of the motor vehicle securing the RISC;

      1.4.9   do not have a co-borrower on the RISC that has obtained a discharge in bankruptcy applicable to any such RISC or that has filed for bankruptcy following the repossession of the motor vehicle securing the RISC;

      1.4.10  were not on active duty in the U.S. Military to trigger the protections of the Soldiers' and Sailors' Civil Relief Act at the time the

repossession of the motor vehicle securing the RISC took place or at the time the post-repossession notice was sent; and

1.4.11  have not had their RISC reinstated after the repossession of the motor vehicle securing the RISC took place.

1.5.   "Class Representative" means Samuel Ross.

1.6.   "Deficiency Balance" means the account balance remaining after the repossession and disposition of a class member's vehicle and the application of the proceeds of the sale to that person's account, plus all accrued interest and other charges.

1.7.   "Fairness Hearing" means the hearing to be held by the Court to consider the final approval of the Settlement pursuant to Federal Rule of Civil Procedure 23.

1.8.   "Final Judgment" means this Court's Final Judgment and Order Approving Settlement. In connection therewith, any order of the Court contemplated by or entered pursuant to this Settlement Agreement shall be deemed to have become "Final": (a) 30 days after the entry of the Final Judgment on the docket, if no appeal is taken during such 30-day period; or (b) if, during the aforesaid 30-day period, an appeal is taken from such Final Judgment, the date upon which all appeals, including petitions for review, rehearing, certiorari, and any proceedings resulting there from, have been finally disposed of, or the date of the expiration of the time to initiate such petitions or proceedings. It is expressly agreed by Class Counsel and by CitiFinancial that no party intends that this Section or any other part of this Settlement Agreement establishes or acknowledges that anyone is entitled to or has the right to appeal from any such orders, which may be entered in connection herewith.

1.9.   "Notice" means the Notice of Proposed Settlement, substantially in the form of Exhibit A.

1.10.   "Order of Preliminary Approval" means an order substantially in the form of Exhibit B.

1.11.   "Released Claims" means those claims released by the Parties as set forth in paragraphs 15-18, *infra.*

1.12.   "Released Parties" means CitiFinancial Auto Ltd., its officers, directors, assignees, successors, predecessors, subsidiaries, parent companies, divisions, affiliates, attorneys, employees and agents, and Santander Consumer USA, Inc., its officers, directors, assignees, successors, predecessors, subsidiaries, parent companies, divisions, affiliates, attorneys, employees and agents.

1.13.   "Response Deadline" means the date by which all elections to opt out and objections must be postmarked or received by the Parties, Settlement Administrator, and/or the Court pursuant to the terms of this Settlement Agreement. This date shall be no later than at least 20 days prior to the Fairness Hearing.

1.14.   "Settlement Administrator" means the independent class action settlement administration company retained by Class Counsel, KCC, LLC for purposes of administering the Settlement.

## Submission of Settlement Agreement for Preliminary Approval and Order

2.   Upon execution of this Agreement, the Parties shall request an Order of Preliminary Approval substantially in the form of Exhibit B. The Order of Preliminary Approval shall include terms:

2.1.    Preliminarily approving the Settlement of this Action on behalf of a Settlement Class certified under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and consisting of all persons who, from September 12, 2008 to April 8, 2014:

2.1.1   have or had a RISC held by CitiFinancial secured by a motor vehicle purchased in Florida;

2.1.2   had their RISC serviced by Santander;

2.1.3   had their motor vehicle repossessed in Florida by CitiFinancial, Santander or their agents;

2.1.4   were sent a post-repossession notice from Santander while it was servicing a RISC owned by CitiFinancial which failed to describe CitiFinancial as the secured party;

2.1.5   still have their loan owned or serviced by CitiFinancial or Santander;

2.1.6   against whom CitiFinancial or Santander has not obtained a deficiency judgment;

2.1.7   have not obtained a discharge in bankruptcy applicable to any such RISC;

2.1.8   have not filed for bankruptcy following the repossession of the motor vehicle securing the RISC;

2.1.9   do not have a co-borrower on the RISC that has obtained a discharge in bankruptcy applicable to any such RISC or that has filed for bankruptcy following the repossession of the motor vehicle securing the RISC;

2.1.10  were not on active duty in the U.S. Military to trigger the protections of the Soldiers' and Sailors' Civil Relief Act at the time the repossession of the motor vehicle securing the RISC took place or at the time the post-repossession notice was sent; and

2.1.11  have not had their RISC reinstated after the repossession of the motor vehicle securing the RISC took place.

2.2.    Approving and directing that Notice, substantially in the form of

Exhibit A, be mailed to the Class Members. Notice shall be mailed no later than twenty (20) days after entry of the Order of Preliminary Approval.

2.3.    Determining, pursuant to Federal Rule of Civil Procedure 23 that such notification procedures will provide the best notice practicable under the circumstances and constitute due and sufficient notice to all persons entitled thereto.

2.4.    Providing that any Class Member may opt out of the Settlement by mailing to the Settlement Administrator a written request for exclusion containing the Class Member's name, address, signature, and a statement that the Class Member chooses not to participate in the Settlement. The written request for exclusion must be post-marked no later than twenty (20) days before the date of the Fairness Hearing.

2.5.    Providing that all Class Members that do not timely and properly elect to opt out of this Settlement will be bound by this Settlement.

2.6.    Providing that any Class Member that timely and properly elects to opt out of this Settlement may proceed with his own action.

2.7.    Certifying the Action as a Class Action for settlement purposes only on behalf of the Settlement Class.

2.8.    Appointing Robert W. Murphy, 1212 S.E. 2nd Avenue, Fort Lauderdale, FL 33316, and John Roddy, Bailey & Glasser LLP, 125 Summer Street, Suite 1030, Boston, MA 02110 as Class Counsel.

2.9.    Scheduling a Fairness Hearing to be held: (a) to determine the reasonableness, adequacy and fairness of the Settlement for purposes of Federal Rule of Civil Procedure 23; and (b) to determine whether Final Judgment should be entered in

accordance with the terms of this Settlement Agreement.

2.10.    Providing that the Settlement Administrator shall file with the Court all timely and valid elections to opt out or a list identifying those who submitted timely and valid elections to opt out by no later than ten (10) days before the Fairness Hearing.

2.11.    Providing that any member of the Settlement Class that objects to the approval of this Settlement in compliance with the provisions for objections in this Settlement Agreement and the Notice may appear at the Fairness Hearing and show cause why the proposed Settlement should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon. Any such objections or any petition to intervene in the Action must be submitted in writing, must state with specificity the grounds for the objection, must attach copies of all documents on which the objector intends to rely, must include the Class Member's name, address, telephone number and signature, and must be served on Class Counsel, the attorneys for CitiFinancial, and filed with the Court on or before the Response Deadline.

2.12.    Providing that no person shall be entitled to contest the approval of the terms and conditions of this Settlement or the judgment to be entered thereon except by filing and serving written objections in accordance with the provisions herein. Any member of the Settlement Class who fails to opt out of the Settlement Class or who fails to object in the manner prescribed shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could

have been alleged, or which otherwise were at issue in this Action.

2.13.    Authorizing the use and disclosure by CitiFinancial and Class Counsel of such information as is contemplated and necessary to effectuate the terms and conditions of this Settlement, and to protect the confidentiality of the names and addresses of Class Members or other confidential or proprietary information pursuant to the terms of this Agreement.

## Fairness Hearing

3.    On the date set by the Court for the Fairness Hearing, the Parties shall jointly request the Court to review any petitions to intervene and proper and timely objections to the Settlement and to conduct such other proceedings as the Court may deem appropriate under the circumstances. At the Fairness Hearing, the Parties shall jointly request the Court to enter Final Judgment:

3.1.    Determining that the mailing of the Notice to all Class Members in the manner provided herein was the best method of notice practicable under the circumstances, constituted due and sufficient notice to all persons entitled thereto, and satisfied the requirements of Federal Rule of Civil Procedure 23.

3.2.    Approving the Settlement; finding that its terms are fair, reasonable and adequate to the Settlement Class, for purposes of Federal Rule of Civil Procedure 23; and directing the consummation of the Settlement in accordance with the terms and conditions of this Agreement.

3.3.    Approving the elections to opt out that have been completed and timely filed.

20812635 v1                                        11

3.4.    Certifying the Settlement Class for settlement purposes only pursuant to Federal Rule of Civil Procedure 23.

3.5.    Providing that each member of the Settlement Class (except those who have timely and properly elected to opt out) shall be bound by this Settlement; releasing and discharging all Released Claims; barring and permanently enjoining all Parties and Class Members from asserting any of the Released Claims in any court or forum whatsoever; dismissing all claims against the Class Representative and CitiFinancial in this Action, on the merits and with prejudice; and entering Final Judgment thereon with a finding that there is no just reason to delay enforcement or appeal.

3.6.    Awarding Class Counsel attorneys' fees and costs as provided in paragraph 13, subject to Court approval.

3.7.    Awarding the Class Representative an incentive award as provided in paragraph 14, subject to Court approval.

3.8.    Reserving jurisdiction over all matters relating to the administration, implementation, effectuation and enforcement of this Agreement.

3.9.    Awarding such other and further relief consistent with the terms and provisions of this Agreement, as the Parties hereto may agree.

**Class Notice**

4.    Within thirty (30) days after entry of the Order of Preliminary Approval, CitiFinancial shall provide to the Settlement Administrator an electronic list of the names and last known addresses of Class Members.  This list shall not be disclosed to

the public other than is necessary to advise the Court of any opt outs or, in the event such class members are included in the Settlement Class, to the extent needed to enforce the Settlement Agreement and release.  Within twenty (20) days after entry of the Order of Preliminary Approval, the Settlement Administrator will send to each Class Member a Notice in the form of Exhibit A by first class mail, postage pre-paid, addressed to his or her last known address, as shown by the records of CitiFinancial. The envelopes shall be marked "address correction requested." If a Class Member Notice is returned "undeliverable" or returned with an address correction, the Settlement Administrator will process Class Member's address through a National Change of Address ("NCOA") database and resend the notice. It is agreed by the Parties that this procedure constitutes an appropriate effort to locate current addresses for Class Members. No additional efforts shall be required.

5.      All costs of the Settlement administration, including but not limited to the costs of printing and mailing the Notices and checks to Class Members shall be paid by CitiFinancial through Santander, subject to approval by the Court.

6.      Under no circumstances shall CitiFinancial be required under this Settlement Agreement or as part of the Settlement to incur or pay any amounts, fees or expenses, it is not explicitly obligated to incur or pay hereunder.

7.      It is understood and agreed that CitiFinancial shall have no responsibility or liability with respect to any acts, omissions, or any conduct of the Settlement Administrator in connection with the administration and distribution of this Settlement,

including, but not limited to, providing notice to the Class Members and responding to queries from Class Members.

**Benefits to the Settlement Class**

8.     After the Court approves this Settlement and the Settlement becomes Final, CitiFinancial agrees:

8.1.    CitiFinancial shall cease reporting any further adverse information pertaining to a class member's RISC subject to the settlement and shall instruct the credit reporting agencies to delete all information pertaining to a class member's RISC subject to the settlement.

8.2.    All rights in the subject RISCs were assigned by CitiFinancial to Santander in December 2011. Therefore, CitiFinancial shall instruct Santander to cease reporting any further adverse information pertaining to a class member's RISC subject to the settlement and shall cause Santander to instruct the Equifax, Experian and TransUnion (collectively "CRAs") to delete all information pertaining to a class member's RISC subject to the settlement.

8.3.    The Settlement Class agrees that the credit reporting agencies CRAs are separate entities from CitiFinancial and Santander and that neither CitiFinancial nor Santander can guarantee, warrant or take responsibility for the performance of the CRAs with respect to changing, deleting, suppressing or making entries regarding any credit information or other information regarding a class member's account.

8.4.    CitiFinancial shall instruct and cause Santander to cease collecting any alleged delinquencies still remaining under the RISCs from class members.

8.5.    CitiFinancial shall instruct and cause Santander to waive any deficiency arising from the RISCs of the class members.

8.6.    The parties agree and acknowledge that the aggregate balance of the unpaid deficiencies of Class Members has been provided by Santander to Class Counsel.

8.7.    The parties agree and acknowledge that the waiver of any deficiency pursuant to Section 8.5 involves disputed debts which the Class Representative contends are discharged by operation of law and CitiFinancial contends are enforceable. The Class Notice shall specifically inform Class Members that CitiFinancial or Santander may issue a 1099 tax report and that the Class Member may seek appropriate advice from a tax professional at the cost and expense of the Class Member.

## Class Representative Compensation and Litigation Expense

9.    The Parties understand that Class Counsel intends to apply for an award of attorneys' fees and expenses in an amount not to exceed $217,500 (approximately 1.78 percent of the total benefit the class derives from the Settlement). As of April 8, 2014, this benefit is $12,209,413.96, the waived deficiency balances previously owed by Settlement Class members (the "Settlement Credit"). CitiFinancial shall not object to this request for fees and expenses in the stated amount and such amount shall be paid if awarded by the Court subject to the terms of this Settlement. The Parties negotiated attorneys' fees and expenses and CitiFinancial, with the assistance of an experienced mediator, Terrence M. White, agreed to the payment of such fees and expenses as

provided for in this Agreement only after reaching agreement upon all other material terms of this Settlement. Any attorneys' fees and expenses so awarded shall not be payable unless and until the Final Order becomes final. Any attorneys' fees and expenses awarded shall be paid by CitiFinancial through Santander within the twenty (20) days after the Court approves the Settlement and the Settlement becomes Final. CitiFinancial shall pay the expense of mediation directly to the mediator, Terrence M. White.

10.      Subject to Court approval, Mr. Ross shall be entitled to an award for this litigation of Five Thousand Dollars ($5,000.00) for serving as the class representative. Such payment shall be made within the fifteen (15) days after the Court approves the Settlement and the Settlement becomes Final. Mr. Ross must provide a Form W-9 to the Settlement Administrator prior to having the Class Representative award processed and issued. In exchange, Mr. Ross shall release CitiFinancial and Santander, as set forth below.

## Release of Claims

11.   Effective upon the Court's approval of this Settlement and the Settlement becoming Final, the Class Representative releases CitiFinancial, its officers, directors, assignees, successors, predecessors, subsidiaries, parent companies, divisions, affiliates, attorneys, employees and agents, and Santander, its officers, directors, assignees, successors, predecessors, subsidiaries, parent companies, divisions, affiliates, attorneys, employees and agents, from any and all claims, causes of action, actions and suits of every kind and nature, known or unknown, including without limitation those that

were or could have been brought in this Action or that arise from, are related to, are based upon, or are connected with any loan, note, account, lien, extension of credit, refinancing, collection efforts, credit reporting, telephone calls or other dealings of CitiFinancial, Santander and/or any of the other Released Parties.

12.   Effective upon the Court's approval of this Settlement and the Settlement becoming Final, CitiFinancial and Santander release the Class Representative, his heirs, successors, trustees, executors, administrators, principals, beneficiaries, assigns and personal representatives, from any and all claims, known or unknown, that were or could have been brought in this Action and relating to the financing, repossession, post-repossession sale, collections, deficiencies of/for motor vehicles during the Class Period.

13.   Effective upon the Court's approval of this Settlement and the Settlement becoming Final, and Santander having caused the instructions of CitiFinancial pursuant to the terms of paragraphs 8.2, 8.4, 8.5 and 9, above, to be met, the Class Members release CitiFinancial, its officers, directors, assignees, successors, predecessors, subsidiaries, parent companies, divisions, affiliates, attorneys, employees and agents, and Santander, its officers, directors, assignees, successors, predecessors, subsidiaries, parent companies, divisions, affiliates, attorneys, employees and agents, from any and all claims, known or unknown, that were or could have been brought in this Action and relating to the financing, repossession, post-repossession sale, collections, deficiencies of/for motor vehicles during the Class Period.

14.     Effective upon the Court's approval of this Settlement and the Settlement becoming Final, CitiFinancial releases the Class Members, their heirs, successors, trustees, executors, administrators, principals, beneficiaries, assigns and personal representatives from any and all claims, known or unknown, that were or could have been brought in this action and relating to the financing, repossession, post-repossession sale, collections, and/or deficiencies of/for motor vehicles during the Class Period.

**Settlement Administration**

15.    The parties agree that KCC, LLC shall be designated as the Settlement Administrator for the purpose of providing notice to the Settlement Class, transmitting settlement papers, and all other tasks necessary and proper for the administration of the settlement. The Settlement Administrator shall send the Class Notice, in a form and manner negotiated by the parties and approved by the Court, by first-class mail to the last available address of each eligible class member as reflected in the records of Santander. Any class member not wishing to be a member of the class shall have the right to opt out of the settlement agreement. CitiFinancial through Santander shall pay the Settlement Administrator's fees and expenses. Prior to delivery of any class information to the Settlement Administrator, the Settlement Administrator shall execute a non-disclosure and confidentiality agreement in a form acceptable to both parties. The parties also agree that the list of class members shall only be provided to the Settlement Administrator to send the Class Notice and will not be filed with the Court.

**Termination of the Agreement**

16.    CitiFinancial shall have the right, in its sole discretion after reviewing the number of opt outs, objectors, and pending litigation, to nullify this Settlement if more than five percent (5%) of the Class Members opt out of the Settlement or if the combined Settlement Credits of those Class Members who opt out represent more than five percent (5%) of the total Settlement Credit. If CitiFinancial so elects, the Settlement thereafter shall have no further force and effect with respect to any party in this Action. CitiFinancial may exercise this right within 10 days after the Response Deadline. In

order to invoke this right to nullification, CitiFinancial must file and serve (by facsimile and U.S. Mail) a formal document entitled Notice of Nullification of Settlement. None of the Class Representative, Class Members or Class Counsel shall be permitted to seek enforcement of the Settlement or any of its terms against CitiFinancial should CitiFinancial elect to nullify the Settlement.

17.     Upon entry of an order by the Court that invalidates or disapproves the Settlement, in whole or in part, or which alters any material term of this Settlement without the Parties' consent, any party to the Settlement shall have the right to nullify and to void the Settlement, and the Settlement thereafter shall have no further force and effect with respect to any party in this Action.

18.     In such event, this Settlement and all negotiations, proceedings, documents prepared and statements made in connection with this Settlement shall be without prejudice to any party and shall not be admissible into evidence, and shall not be deemed or construed to be an admission or confession by any party of any fact, matter or proposition of law, and shall not be used in any manner for any purpose, and all Parties to this Action shall stand in the same position as if this Settlement had not been negotiated, made or filed with the Court.

**Miscellaneous Provisions**

19.     All proceedings with respect to the Settlement described by this Settlement Agreement and the determination of controversies relating thereto, including disputed questions of law or fact with respect to the validity of claims, shall be subject to the continuing jurisdiction of the Court.

20.     All matters not specifically covered by the provisions of this Settlement

Agreement shall be resolved by agreement of Class Counsel and counsel for

CitiFinancial, or if they cannot agree, by the Court.

21.     The service of papers and notices under this Settlement Agreement shall

be made upon the Parties by mailing such papers on:

For Class Representative or Class Members:

Robert W. Murphy
1212 S.E. 2nd Avenue
Fort Lauderdale, FL 33316

and

John Roddy
Bailey & Glasser LLP
125 Summer Avenue, Suite 1030
Boston MA 02110

For CitiFinancial:

John R. Chiles
R. Frank Springfield
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203

22.     This Settlement Agreement represents the entire and sole agreement

negotiated and agreed to between the Parties and supersedes any prior agreements.

23.     This Settlement Agreement represents an integrated document and shall

not be amended, modified or supplemented, nor shall any of its provisions be deemed

to be waived, unless by written agreement signed by the respective attorneys for the

Parties. This document has been drafted jointly and is not to be construed against any Party.

24.     Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of the Class Representative, the Class Members, and any and all of their successors, trustees, executors, administrators, principals, beneficiaries, assigns, and personal representatives, and shall bind and inure to the benefit of CitiFinancial, its officers, directors, assignees, successors, predecessors, subsidiaries, parent companies, divisions, affiliates, attorneys, employees and agents which are intended to be the beneficiaries of this Agreement.

25.     Ross and CitiFinancial have each read, understood, and fully and carefully considered this Settlement Agreement and all of its provisions and have authorized their respective attorneys to execute this Settlement Agreement on their behalf.

26.     Class Counsel and counsel for CitiFinancial each represent that they are authorized by their respective clients to execute this Agreement, to take all steps contemplated by this Agreement, and to effect this Settlement Agreement on the terms and conditions stated herein, and further that they will take all steps on their respective clients' behalf contemplated by this Agreement.

27.     This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument. Photocopies of fully executed copies of this Settlement Agreement may be treated as originals.

28.    Florida law shall govern this Settlement Agreement and any documents prepared or executed pursuant to this Agreement.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

EXECUTED ON BEHALF OF CITIFINANCIAL

BY: Renee Woods

ITS: Vice President


**EXECUTED ON BEHALF OF THE CLASS REPRESENTATIVE AND SETTLEMENT CLASS**

Samuel Ross

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SAMUEL ROSS,

        Plaintiff,

v.

                                     CIVIL ACTION NO.
                                     3:12-cv-01173-TJC-TEM

CITIFINANCIAL AUTO, LTD.,

        Defendant.

_____/

NOTICE TO CERTAIN FLORIDA CONSUMERS WHO HAD THEIR MOTOR VEHICLES REPOSSESSED BY CITIFINANCIAL AUTO LTD., OR SANTANDER CONSUMER USA, INC.

> You are NOT being sued. You may get a credit that will eliminate your post-repossession deficiency because of a class action settlement with **CitiFinancial**.
>
> **This Notice Contains Important Information About The Class Action Settlement And Your Legal Rights.**

### READ THIS FIRST

**WHY SHOULD I READ THIS?** This Notice describes a class action settlement and you have been identified as a class member entitled to benefits under the settlement.

**WHY DID I RECEIVE THIS NOTICE?** You received this Notice because CitiFinancial's records show that you were sent a post-repossession notice that was alleged to violate Florida law.

**DO I HAVE TO DO ANYTHING?** If you wish to be included in the class, you do not need to do anything in response to this notice. You are automatically included. If you wish to be excluded from the class, you must follow the instructions set forth below. You do not need to appear in court; and you do not need to hire an attorney in this case.

**Please Read This Entire Notice Carefully. Your Rights May Be Affected By The Settlement Of This Lawsuit Now Pending In This Court**

20814824 v1

BASIC INFORMATION

**1. Why was this notice issued?**

A court authorized this notice because you have a right to know about a Proposed Settlement of this class action lawsuit against CitiFinancial Auto, Ltd. ("CitiFinancial") and about your options before the Court decides whether to give "final approval" to the Proposed Settlement. This notice explains the lawsuit, the Proposed Settlement, your legal rights, what benefits will be provided, and who will receive them. This case is currently pending in the United States District Court for the Middle District of Florida, Jacksonville Division and is known as *Samuel Ross v. CitiFinancial Auto, Ltd.*, Case No.: 3:12-cv-1173-TJC-TEM.

**2. What is this lawsuit about?**

The lawsuit is about whether repossession notices of sent by Santander Consumer USA, Inc. ("Santander") for accounts that it was servicing for CitiFinancial contained all of the information and disclosures required by Florida law. Specifically, the lawsuit seeks damages for: (i) violations of Florida Statute §§ 679.613 and 679.614 of the Uniform Commercial Code; and (ii) declaratory and injunctive relief.

CitiFinancial denies that its post-repossession notices are in violation of Florida law and maintains that it did not act wrongfully or unlawfully. CitiFinancial contends that the claims of Samuel Ross (hereinafter "Representative Plaintiff") have no merit and that, if the lawsuit proceeded, CitiFinancial would prevail at trial.

**3. Why is this a class action?**

The parties have agreed, and the Court has ordered that, for settlement purposes only, this lawsuit may be maintained as a class action under Rule 23, Florida Rules of Procedure, subject to final approval at the conclusion of the settlement process. If the Proposed Settlement is not finally approved, or if any party withdraws from the Proposed Settlement, the lawsuit will return to the same status as before the Settlement Agreement was signed, and the Court will later determine if the case may proceed as a class action.

**4. How do I know if I am part of the Proposed Settlement?**

The Proposed Settlement includes all persons who meet each and every one of the following criteria, namely all persons who, from September 12, 2008 to April 8, 2014: (a) have or had a Retail Installment Sale Contract ("RISC") held by CitiFinancial secured by a motor vehicle purchased in Florida; (b) had their RISC serviced by Santander; (c) had their motor vehicle repossessed in Florida by CitiFinancial, Santander or their agents; (d) were sent a post-repossession notice from Santander while it was servicing a RISC owned by CitiFinancial which failed to describe CitiFinancial as the secured party; (e)

still have their loan owned or serviced by CitiFinancial or Santander; (f) against whom CitiFinancial or Santander has not obtained a deficiency judgment; (g) have not obtained discharge in bankruptcy applicable to any such RISC; (h) have not filed for bankruptcy following the repossession of the motor vehicle securing the RISC; (i) do not have a co-borrower on the RISC that has obtained a discharge in bankruptcy applicable to any such RISC or that has filed for bankruptcy following the repossession of the motor vehicle securing the RISC; (j) were not on active duty in the U.S. Military to trigger the protections of the Solders' and Sailors' Civil Relief Act at the time the repossession of the motor vehicle securing the RISC took place or at the time the post-repossession notice was sent; and (k) have not had their RISC reinstated after the repossession of the motor vehicle securing the RISC took place.

You are receiving this Notice because it is believed that you meet the above criteria and that you are a member of the Class.

There are approximately 1,100 members of the class.

## 5. Why is there a Proposed Settlement?

The parties arrived at the Proposed Settlement as a result of arms-length negotiations, including face-to-face meetings between the lawyers for each side, and mediation before Mediator Terrence M. White. The parties reached the Proposed Settlement before the Court determined whether class certification was appropriate.

The Proposed Settlement is a compromise of disputed claims and does not mean that any law was violated or that CitiFinancial or Santander did anything wrong.

### THE PROPOSED SETTLEMENT BENEFITS

## 6. What benefits does the Proposed Settlement provide?

The Proposed Settlement provides both equitable and monetary benefits ("Settlement Benefits"):

- CitiFinancial has declared that it no longer sends the form notices that allegedly did not comply with all of the UCC requirements, and has represented that it will not use those notices in the future.

- CitiFinancial will waive all outstanding balances and/or deficiency balances allegedly owed in connection with the RISC of the Class Members whose automobiles were sold by CitiFinancial following repossession. As all RISCs subject to this Agreement were assigned to Santander in December 2011, CitiFinancial shall instruct Santander to similarly waive all outstanding and/or deficiency balances. The outstanding balances and/or deficiency balances are estimated to total approximately $12,000,000.00. CitiFinancial shall cease

reporting any further adverse information pertaining to a class member's RISC subject to settlement and shall instruct the credit reporting agencies, Equifax, Experian, TransUnion, and Innovis ("CRAs") to delete all information pertaining to a class member's RISC. CitiFinancial shall cause Santander to cease reporting any further adverse information pertaining to a class member's RISC subject to the settlement and shall cause Santander to instruct the CRAs to delete all information pertaining to a class member's RISC. As the CRAs are separate entities from CitiFinancial and Santander, neither CitiFinancial nor Santander can guarantee nor take responsibility for the performance of the CRAs with respect to a class member's account subject to the settlement.

More details are in a document called the Settlement Agreement, which is available for your inspection at the Office of the Clerk, U.S. District Court, Middle District of Florida, Bryan Simpson U.S. Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202, during normal business hours, and on the website for the Proposed Settlement at www.CitiFinancialClassActionFL.com.

## 7. When will the Proposed Settlement go into effect?

The Court will hold a final approval hearing on, **2014 at** _____ **a.m./p.m.** to decide whether to approve the Proposed Settlement (*see* Question 16) including the request for attorneys' fees and litigation expenses (*see* Question 13). Even if the Court approves the Proposed Settlement, there could be appeals. The time for an appeal varies.

The Proposed Settlement becomes final and binding on the Effective Date. If no appeals are taken, the Effective Date is the date on which the Court approves the Proposed Settlement as final, subject to certain conditions. If an appeal is taken, the Effective Date is the date when all appeals are completed and the Proposed Settlement becomes final.

The Proposed Settlement will go into effect on the Effective Date.

## 8. How does the Proposed Settlement affect my rights?

If the Proposed Settlement is finally approved, the Court will enter a judgment dismissing all claims against CitiFinancial and Santander with prejudice. Under the terms of the Proposed Settlement, you will release CitiFinancial and Santander with respect to the claims that were raised or could have been raised in the case. This means you cannot seek equitable relief or any type of monetary relief against CitiFinancial and Santander based on any claim related to or arising out of the repossession of your automobile and your installment sales contract involved in this case. You will be giving up all such claims, whether or not you know about them.

Your interests as a member of the Class will be represented by the Representative Plaintiff and Class Counsel. You will not be billed for their services. Class Counsel will

receive a fee only if the Court approves the Proposed Settlement, and the fee award will be set by the Court and paid by CitiFinancial (*see* Question 13).

The Court's order will apply to you even if you objected or have any other claim, lawsuit, or proceeding pending against CitiFinancial or Santander for the claims raised in this Lawsuit. If you have any questions about the release, you should consult with a lawyer.

## 9. If I do nothing, what am I giving up as part of the Proposed Settlement?

If you do nothing, you will be part of the Class. That means you cannot sue CitiFinancial and/or Santander over the claims settled in this case, including any claims related in any way to collection attempts on your account.  It also means that all of the Court's orders, including the release of claims and dismissal of the lawsuit with prejudice (*see* Question 8), will apply to you and legally bind you.

IMPORTANT INFORMATION CONCERNING TAX CONSEQUENCES OF PROPOSED SETTLEMENT

## 10. Are there tax consequences to the Settlement?

The waiver of deficiency balances of the respective Class Members involves disputed debts which the Class Representative contends are discharged by operation of law and which CitiFinancial contends are enforceable.

CitiFinancial or Santander may issue a Form 1099-C tax form which will report as income to you any deficiency balance waived as a result of the settlement. As a result, the settlement may have tax consequences and you should seek the advice of a tax professional if you have any questions concerning the taxation of settlement benefits.

EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT

If you want to keep your right to sue CitiFinancial or Santander with respect to the notices you received relating to the repossession of your personal property or to with respect to any other legal claim, you must take steps to remove yourself from the Proposed Settlement. This is called asking to be excluded from – or "opting out" of – the Class and the Proposed Settlement.

## 11. How do I remove myself from the Proposed Settlement?

If you choose to exclude yourself from the Class, you will not be bound by any order, judgment or settlement of the lawsuit. If you exclude yourself from the Class, you will not receive any benefits from this class action. You will retain and be free to pursue any claim against CitiFinancial or Santander, including those based on the notice(s) you received after repossession of your personal property or based on your installment sales contract.

To exclude yourself from the Proposed Settlement, you must mail a letter saying that you want to be excluded from the Class in *Ross, et al. v. CitiFinancial Auto, Ltd.* You must include your full name, current mailing address, and telephone number, and the letter must be signed by you personally. Your letter or exclusion form requesting exclusion must be mailed or otherwise delivered to the following address such that it is **received by_____, 2014.**

> Ross Class Action
> Settlement Administrator
> KCC, LLC
> [insert address]

You cannot exclude yourself on the phone or by email.

### THE LAWYERS REPRESENTING YOU

**12. Do I have a lawyer in this case?**

Yes. The Court has appointed Robert W. Murphy and John Roddy to represent you and the other Class Members in this case. Mr. Murphy and Mr. Roddy are called Class Counsel and Mr. Murphy is the Lead Class Counsel.

You will not be charged for Mr. Murphy's or Mr. Roddy's representation. Class Counsel's compensation will be paid from the Settlement Fund. If you want to be represented by another lawyer, you may hire one at your own expense.

**13. How will the lawyers be paid? What will the Representative Plaintiff receive? What expenses will be paid?**

Class Counsel will ask the Court to approve attorneys' fees and expenses to be paid by CitiFinancial. As fees, Class Counsel will ask the Court to award attorneys' fees and costs in the sum of $217,500 ("Attorney Fee Request"). The Attorney Fee Request represents less than 2% of the value of the total benefit to the Class. Class Counsel contends that the total benefit of the settlement to the Class includes approximately $12,000,000.00 in waived deficiencies and an unknown amount attributable to deletion of adverse information from the Class Members' credit reports. Class Counsel will also ask the Court to approve an incentive award of $5,000 to be paid by CitiFinancial or on behalf of CitiFinancial to the Representative Plaintiff for the time and resources he has spent helping the lawyers on behalf of the whole Class, and to be paid to the Representative Plaintiff in addition to the Settlement Check.

The cost of administering the Settlement, including the expense of sending this Notice and any settlement checks will also be paid by CitiFinancial through Santander.

No Class Member will owe or pay anything directly for attorneys' fees and expenses or the incentive award. Any award of attorneys' fees and expenses as well as the incentive award will be paid by CitiFinancial.

The Court must approve both the attorneys' fees and expenses for Class Counsel and the incentive award for the Representative Plaintiff. The Court will conduct a hearing on attorneys' fees and litigation expenses at the same time of the final approval hearing.

## OBJECTING TO THE PROPOSED SETTLEMENT

**14. How do I tell the Court I don't agree with the Proposed Settlement?**

You may object to any part of the Proposed Settlement. To do so, you must file a written objection in the case *Ross v. CitiFinancial Auto Ltd.*, Case No.: 3:12-cv-1173-TJC-TEM. Any objection must be submitted in writing, must state with specificity the grounds for the objection, must attach copies of all documents on which the objector intends to rely, must include the Class Member's name, address, telephone number and signature, and must be served on Class Counsel, the attorneys for CitiFinancial, and filed with the Court on or before the Response Deadline.

Your objection must be mailed or otherwise delivered to each of the following addresses so that it is **received by** _____, 2014:

| Court | Settlement Administrator |
|---|---|
| Clerk of the United States District Court Middle District of Florida - Jacksonville Division Bryan Simpson U.S. Courthouse 300 North Hogan Street Jacksonville, FL 32202 | Ross Class Action Settlement Administrator KCC, LLC [insert address] |
| **Class Counsel** | **CitiFinancial's Counsel** |
| Robert W. Murphy 1212 SE 2 Avenue Fort Lauderdale, FL 33316 | R. Frank Springfield Burr & Forman, LLP 420 North 20th Street, Suite 3400 Birmingham, AL 35203 |

If you intend to have a lawyer present, your lawyer must file a written notice of appearance of counsel with the Clerk of the Court no later than _____, 2014 .

**15. What is the difference between objecting and asking to be excluded?**

Objecting is simply telling the Court that you do not like something about the Proposed Settlement. You can object only if you stay in the Class. Excluding yourself is telling the

Court that you do not want to be part of the Class. If you exclude yourself from the Class, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 16. When and where will the Court decide whether to approve the Proposed Settlement?

The Court will hold a final approval hearing to decide whether the Proposed Settlement is fair, reasonable, and adequate and should be granted final approval. The Court will also consider whether to award attorneys' fees and other expenses to Class Counsel, whether to provide an incentive award to the Representative Plaintiff, and whether to enter a final judgment and dismiss the lawsuit. If there are objections, the Court will consider them. You may attend and you may ask to speak.

The final approval hearing will be on_____, 2014 at _____ a.m., before the Honorable Judge

Timothy J. Corrigan, United States District Court for the Middle District Florida - Jacksonville Division, Bryan Simpson U.S. Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202, in Judge Corrigan's Courtroom.

The Proposed Settlement may be approved by the Court with modifications, and without further notice, if consented to by the Representative Plaintiff and CitiFinancial and their respective attorneys in accordance with the terms of the Settlement Agreement.

### 17. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. If you send a written objection, you do not have to come to the final approval hearing to talk about it. As long as you mailed your written objection on time and according to the Court's rules, the Court will consider it. You may also pay your own lawyer to attend the final approval hearing, but it is not necessary.

## IF YOU DO NOTHING

### 18. What happens if I do nothing?

You have the right to do nothing. If you do nothing, you will remain part of the Class and you will receive all the Settlement Benefits described in Paragraph 6 above. In accepting the benefits of the settlement, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against CitiFinancial or Santander, including about the claims in this case.

## GETTING MORE INFORMATION

**19. How do I get more information?**

If you have any questions concerning the matters dealt with in this notice, please direct your inquiries to the following Class Counsel:

| | |
|---|---|
| Robert W. Murphy | John Roddy |
| 1212 S.E. 2nd Avenue | Bailey & Glasser LLP |
| Ft. Lauderdale, Florida 33316 | 125 Summer Street, Suite 1030 |
| Email: rwmurphy@lawfirmmurphy.com | Boston, MA 02110 |
| | Email: jroddy@baileyglasser.com |

The pleadings and other records in this litigation are available and may be examined and copied during regular office hours at the Office of the Clerk, United States District Court for the Middle District Florida - Jacksonville Division, Bryan Simpson U.S. Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202. **PLEASE DO NOT TELEPHONE THE CLERK'S OFFICE OR THE JUDGE'S CHAMBERS CONCERNING THIS NOTICE OR THIS CASE.**

20814824 v1

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SAMUEL ROSS,

           Plaintiff,

v.
                               CIVIL ACTION NO.
                               3:12-cv-01173-TJC-TEM

CITIFINANCIAL AUTO, LTD.,

           Defendant.

_____/

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS
SETTLEMENT

The Plaintiff in the above-captioned action has submitted an Unopposed Motion

for entry of an Order determining certain matters in connection with the proposed

Settlement of this class action, pursuant to the terms of the Settlement Agreement

reached by the parties and presented to the Court for approval (hereinafter, the

"Stipulation"). After consideration of the Stipulation and the exhibits annexed thereto,

and after due deliberation and consideration of the totality of the circumstances and the

record, and for good cause shown, it is hereby

ORDERED, ADJUDGED, and DECREED as follows:

    1.    **Defined Terms**: This Court adopts the defined terms set forth in

Paragraph 8 of the Stipulation for purposes of this Order, unless otherwise specified

herein.

    2.    **Preliminary Approval of Settlement**: The terms of the Stipulation are

**preliminarily approved**, subject to further consideration at the Fairness Hearing

provided for below. The Court concludes that the proposed Settlement is sufficiently

within the range of reasonableness to warrant the conditional certification of the

Settlement Class, the scheduling of the Fairness Hearing, and the circulation of the

Notice Package to the Settlement Class, each as provided for in this Order.

      3.    **Conditional Certification for Settlement Purposes**: For purposes of

Settlement only, pursuant to Federal Rule of Civil Procedure 23, the Settlement Class is

conditionally certified as follows:

> All persons who, from September 12, 2008 to April 8, 2014: (a) have or
> had a retail installment contract ("RISC") held by CitiFinancial secured
> by a motor vehicle purchased in Florida; (b) had their RISC serviced by
> Santander; (c) had their motor vehicle repossessed in Florida by
> CitiFinancial, Santander or its agents; (d) were sent a post-repossession
> notice from Santander while it was servicing a RISC owned by
> CitiFinancial which failed to describe CitiFinancial as the secured party;
> (e) still have their loan owned or serviced by CitiFinancial or Santander;
> (f) against whom CitiFinancial or Santander has not obtained a
> deficiency judgment; (g) have not obtained discharge in bankruptcy
> applicable to any such RISC; (h) have not filed for bankruptcy following
> the repossession of the motor vehicle securing the RISC; (i) do not have a
> co-borrower on the RISC that has obtained a discharge in bankruptcy
> applicable to any such RISC or that has filed for bankruptcy following the
> repossession of the motor vehicle securing the RISC; (j) were not on active
> duty in the U.S. Military to trigger the protections of the Solders' and
> Sailors' Civil Relief Act at the time the repossession of the motor vehicle
> securing the RISC took place or at the time the post-repossession notice
> was sent; and (k) have not had their RISC reinstated after the
> repossession of the motor vehicle securing the RISC took place.

      Samuel Ross is conditionally certified as representative of the Settlement Class

defined above and Robert W. Murphy and John Roddy are appointed as Class Counsel.

This conditional certification of the Settlement Class and Class Representative, and

appointment of Class Counsel, is solely for purposes of effectuating the proposed

Settlement. If the Stipulation is terminated or is not consummated for any reason, the foregoing conditional certification of the Settlement Class and appointment of the Class Representative shall be void and of no further effect and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order, without prejudice to any legal argument that any of the parties to the Stipulation might have asserted but for the Stipulation.

Based on the Court's review of the Motion and supporting materials, the Court conditionally finds that the proposed Settlement Class satisfies Rule 23 of the Federal Rules of Civil Procedure in that:

a.    The Settlement Class, which consists of 1,107 accounts, including single and joint accounts, is so numerous that joinder of all persons who fall within the Settlement Class definition is impracticable;

b.    The commonality requirement is satisfied where members of the Settlement Class share at least one common legal or factual issue. Here, there are questions of law and fact common to the Settlement Class, including allegations related to the post-repossession notices provided by Defendant and the interpretation of such notices under the Uniform Commercial Code;

c.    The claims of the Class Representative are typical of the claims of the Settlement Class; and

d.    The Class Representative will fairly and adequately protect the interests of the Settlement Class and is represented by qualified counsel who are competent to represent the Settlement Class.

The Court further conditionally finds that the proposed Settlement Class satisfies Rule 23(b)(3) of the Federal Rules of Civil Procedure, which requires that common issues predominate and that a class action is superior to other available methods for the fair and efficient resolution of this controversy. The Court notes that because the litigation is being settled, rather than litigated, it need not consider the manageability issues that may be presented by this litigation. *Amchem Prods. Inc. v. Windsor,* 117 S. Ct. 2231, 2240 (1997).

4.   **Fairness Hearing**: A Fairness Hearing shall take place before the undersigned, the Honorable United States District Judge Timothy J. Corrigan, at _____, on _____ 2014 to determine:

a.   whether the Court should finally certify the Settlement Class and whether the Class Representative and Class Counsel have adequately represented the Settlement Class;

b.   whether the proposed Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

c.   whether the Released Claims of the Settlement Class Members in this Lawsuit should be dismissed on the merits and with prejudice;

d.   whether the application for attorneys' fees, costs, expenses, and class representative incentive award submitted by Class Counsel should be approved; and

e.      such other matters as the Court may deem necessary or appropriate.

5.      **Approval with Modifications**: The Court may finally approve the proposed Stipulation at or after the Fairness Hearing with any modifications agreed to by CitiFinancial and the Class Representative and without further notice to the Settlement Class.

6.      **Right to Appear and Object**: Any Settlement Class Member who has not timely and properly provided notice of an election to opt out of the Settlement Class and the proposed Settlement in the manner set forth below may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matter to be considered at the hearing, provided, however, that no putative Settlement Class Member who has elected to opt out from the Settlement shall be entitled to object; and provided further that no person shall be heard, and no papers, briefs or other submissions shall be considered by the Court in connection with its consideration of those matters, unless such person complies with the following:

a.      Any objection must be filed with the Court, with a copy delivered to Class Counsel and Defense Counsel at the addresses set out in the Notice, no later than twenty (20) days before the Fairness Hearing. Settlement Class Members may object either on their own or through an attorney hired at their own expense.

b.      If a Settlement Class Member hires an attorney to represent him or her at the Fairness Hearing, he or she must do so at his or her own expense and the

attorney must file a written notice of appearance with the Clerk of Court no later than twenty (20) days before the Fairness Hearing, identifying by name and current residence address the Settlement Class Member(s) on whose behalf he or she will appear. No Settlement Class Member represented by an attorney shall be deemed to have objected to the Stipulation unless an objection signed by the Settlement Class Member is also filed and served at least twenty (20) days before the Fairness Hearing.

c.      Any objection regarding or related to the Stipulation must be submitted in writing, state with specificity the grounds for the objection, attach copies of all documents on which the objector intends to rely, include the Class Member's name, address, telephone number and signature, and be served on Class Counsel, the attorneys for CitiFinancial, and filed with the Court on or before ## [the Response Deadline].

d.      No Settlement Class Member shall be heard, no papers, briefs, or pleadings submitted by any such Settlement Class Member shall be received and considered by the Court, and no testimony of witnesses offered by the Settlement Class Member shall be allowed at the Fairness Hearing, unless the Court, Robert W. Murphy (as counsel for Plaintiff), and R. Frank Springfield (as counsel for CitiFinancial) receive the Settlement Class Member's written and signed objection at least twenty (20) days before the Fairness Hearing. Settlement Class Members who fail to submit objections in strict compliance with the foregoing procedures and by the established deadline shall be deemed to have waived all objections to the Stipulation and Settlement, shall be deemed to have consented to the exercise of jurisdiction by the Court over all aspects of

this Stipulation, and shall forever be barred from making any objections in this Lawsuit or in any other action or proceeding to the Stipulation, Notice Package and means of distribution thereof, and settlement process established by this Stipulation.

7.    <u>Notice</u>: The Notice Package substantially in the form of Exhibit A to the Stipulation is hereby approved. The costs of providing notice shall be paid as set forth in the Stipulation, and the Notice Package shall be sent no later than _____, 2014 or 30 days after the entry of this Order, whichever is later, as set forth in the Stipulation. The Court finds that the form and method of providing notice is the best practicable under the circumstances and, if carried out, shall constitute due and sufficient notice of the Stipulation under Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution.

8.    <u>Ability of Class Members to Opt Out</u>: All Settlement Class Members who wish to opt out of the Settlement Class must do so by sending a written request for exclusion to Class Counsel and Defense Counsel by first-class mail as outlined in the Notice Package, signed by the Settlement Class Member, and providing all required information. To be considered timely, and thereby effectively exclude a person from the Settlement Class, the envelope delivering a completed opt out request must be received no later than 20 days before the Fairness Hearing (the "Opt Out Deadline"), except that active duty military personnel who are currently deployed may opt out if a completed request is received by Class Counsel and Defense Counsel at least three days before the Fairness Hearing. At the Fairness Hearing, Class Counsel and Defense Counsel shall file

an Affidavit or Declaration attaching a final list of all opt out requests filed by the Opt

Out Deadline.

Any putative Settlement Class Member who does not properly and timely

request exclusion from the Settlement Class shall be included in such Settlement Class

and, if the proposed Settlement is approved and becomes effective, shall be bound by

all the terms and provisions of the Stipulation, including but not limited to the releases,

waivers, and covenants not to sue described therein, whether or not such person shall

have objected to the Settlement.

9.    **Administration of Settlement**: The Court approves the parties' proposal

that KCC, LLC ("Settlement Administrator") administer the Settlement established by

the Stipulation.

10.    **Appearance by Settlement Class Member**: Any Settlement Class Member

may enter an appearance in this litigation, at his or her own expense, individually or

through counsel.

11.    **Discovery and Other Litigation Activity**: All discovery and other

litigation activity in this Lawsuit is hereby stayed pending a decision on Final Approval

of the Stipulation.

12.    **No Admission**: Neither the Settlement nor the Stipulation shall constitute

an admission, concession, or indication of the validity of any claims or defenses in the

Lawsuit, or of any wrongdoing, liability or violation by CitiFinancial, which vigorously

denies all of the claims and allegations raised in the Lawsuit.

SO ORDERED this _____ day of _____ 2014.

_____

Hon. Timothy J. Corrigan
United States District Judge