**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| **SAMUEL ROSS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 3:12-cv-1173-TJC-PDB |
| | ) |
| | ) |
| **CITIFINANCIAL AUTO LTD.,** | ) |
| | ) |
| **Defendant.** | ) |

## FINAL JUDGMENT APPROVING SETTLEMENT

The Court has reviewed and considered (1) the terms and conditions of the proposed settlement as set forth in the Settlement Agreement and Stipulation ("Stipulation") (Doc. 42-1), dated May 30, 2014; (2) the parties' submissions in support of final approval of the settlement (Docs. 51, 52, 55, 56, 58); (3) the joint motion to amend the class definition (Doc. 57); (4) the application of Class Counsel for an award of attorneys' fees, costs, expenses, and a class representative incentive award (Doc. 53); (5) any objections to the proposed settlement; and (6) the record in this litigation.  The Court held a Fairness hearing on December 19, 2014, the record of which is incorporated herein.  Upon due consideration, the Court enters the following FINDINGS and CONCLUSIONS:

     A.    Capitalized terms used in this Order that are not otherwise defined herein shall have the meaning assigned to them in the Stipulation.

     B.    The Court has jurisdiction over this Action and over all the parties to this Action, including all members of the Settlement Class.

     C.    The Settlement Class conditionally certified in the Preliminary Approval Order was appropriately certified for settlement purposes, but should be amended as set forth in the joint

motion to amend (Doc. 57). See Fed. R. Civ. P. 23(c)(1)(C). Additionally, Class Counsel and the Class Representative have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the settlement.

D.   The notice to putative Settlement Class Members was comprised of individual mailed notice to all Settlement Class Members. The Court finds that this notice (i) constituted the best notice practicable under the circumstances, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the putative Settlement Class Members of the pendency of the Action and of their right to object and to appear at the Fairness Hearing or to exclude themselves from the Settlement, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) fully complied with due process principles and Federal Rule of Civil Procedure 23.

E.   The Court has reviewed a memorandum and declaration submitted by counsel for CitiFinancial Auto Ltd. ("CitiFinancial") in support of compliance with the Class Action Fairness Act, 28 U.S.C. § 1715(b) (Doc. 58). The Court finds that notice of the settlement (the "CAFA notice") was provided to State and federal authorities in substantial compliance with 28 U.S.C. § 1715(b) and that the CAFA notice complied with the terms of 28 U.S.C. § 1715(b). Specifically, the Court finds that (i) the CAFA notice was sent to the appropriate State and federal authorities, (ii) the CAFA notice contained all of the information required to be included in the notice by the Class Action Fairness Act, (iii) the CAFA notice provided State and federal authorities sufficient time to file objections or inquire about the settlement, and (iv) no federal or State authorities submitted any inquiry, objection, or other response to the CAFA notice to the Court or counsel for the parties. Accordingly, the parties have substantially complied with their obligations under 28 U.S.C. § 1715(b) and no Settlement Class Member may avoid the settlement on the basis of alleged

2

noncompliance with 28 U.S.C. § 1715(b).  *See Adoma v. University of Phoenix, Inc.*, 913 F. Supp. 2d 964, 973 (E.D. Cal. 2012); *Ault v. Walt Disney World Co.*, Case No. 6:07-cv-1785-GAP-KRS, slip op. at 2-3 (M.D. Fla. Apr. 27, 2009).

F.  The Court has held a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the settlement; has been advised that there are no objections to the settlement; and has given fair consideration to the filings in support of final approval.

G.  The settlement is the product of good faith, arm's length negotiations between the Class Representative and Class Counsel, on the one hand, and CitiFinancial and its counsel, on the other hand.

H.  The settlement, as provided for in the Stipulation, is fair, reasonable, adequate, and proper, and in the best interest of the Settlement Class.  In reaching this conclusion, the Court considered a number of factors, including: (i) an assessment of the likelihood that the Settlement Class would prevail at trial; (ii) the range of possible recoveries available to the Settlement Class Members, including CitiFinancial's potential counterclaims; (iii) the consideration provided pursuant to the settlement, as compared to the range of possible recovery discounted for the inherent risk of litigation, including the risk of maintaining a class through trial; (iv) the complexity, duration, and expense of such litigation in the absence of a settlement; (v) the nature and extent of any objections to the settlement; and (vi) the stage of the proceedings at which the settlement was reached.  *See, e.g., Faught v. American Home Shield,* 668 F.3d 1233 (11th Cir. 2011).

I.  There have been no objections to the settlement and no Settlement Class Members have requested exclusion from the settlement.

J.     Upon entry of this Order, all Settlement Class Members (as permanently certified below) shall be subject to and bound by all of the provisions of the settlement, the Stipulation, and this Order.

On the basis of the foregoing findings and conclusions, as well as the submissions and proceedings referred to above, NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

<u>Certification of Class and Approval of Settlement</u>

1.     The settlement and the Stipulation are hereby approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, and the requirements of due process and Federal Rule of Civil Procedure 23 have been satisfied.  The parties are ordered and directed to comply with the terms and provisions of the Stipulation.

2.     The Court having found that each of the elements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied, for purposes of settlement only, the Settlement Class is certified pursuant to Federal Rule of Civil Procedure 23, and includes the following persons:

> All persons who, from September 12, 2008 to April 8, 2014: (a) have or had a Retail Installment Sales Contract ("RISC") held by CitiFinancial Auto Ltd. ("CitiFinancial") secured by a motor vehicle purchased in Florida; (b) had their RISC serviced by Santander Consumer USA, Inc. ("Santander"); (c) had their motor vehicle repossessed in Florida by CitiFinancial, Santander or their agents; (d) were sent a post-repossession notice from Santander while it was servicing a RISC owned by CitiFinancial which failed to describe CitiFinancial as the secured party; (e) still have their loan owned or serviced by CitiFinancial or Santander; (f) against whom CitiFinancial or Santander has not obtained a deficiency judgment; (g) have not obtained a discharge in bankruptcy applicable to any such RISC; (h) have not filed for bankruptcy following the repossession of the motor vehicle securing the RISC; (i) do not have a co-borrower on the RISC that has obtained a discharge in bankruptcy applicable to any such RISC or that has filed for bankruptcy following the repossession of the motor vehicle securing the RISC; (j) were not on active duty in the U.S. Military to trigger the protections of the Servicemembers Civil Relief Act at the time the repossession of the motor vehicle securing the RISC took place or at the time the post-repossession notice was sent; and (k) have not had their RISC reinstated after the repossession of the motor vehicle securing the RISC took place.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Rules 23(a) and (b)(3) set forth in the Preliminary Approval Order, (Doc. 50), and notes again that because this certification of the Class is in connection with the settlement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the statewide class proposed in the settlement. Moreover, the joint motion to amend the class definition (Doc. 57) is granted. Thus, to the extent the class definition in the Court's Preliminary Approval Order differs from the definition stated above, the definition stated above controls.

3. For purposes of settlement only, Plaintiff is certified as representative of the Settlement Class and Class Counsel is appointed counsel to the Settlement Class. The Court concludes that Class Counsel and the Class Representative have fairly and adequately represented the Settlement Class with respect to the settlement and the Stipulation.

4. Notwithstanding the certification of the foregoing Settlement Class and appointment of the Class Representative for purposes of effecting the settlement, if this Order is reversed on appeal or the Stipulation is terminated or is not consummated for any reason, the foregoing certification of the Settlement Class and appointment of the Class Representative shall be void and of no further effect, and the parties to the proposed settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Stipulation might have asserted but for the Stipulation.

### Releases and Injunctions

5. Plaintiff and Settlement Class Members shall and hereby do release, remise, and forever discharge CitiFinancial and Santander, as broadly defined in the Stipulation under "Released Parties," from all actual and potential claims, actions, rights of recovery, and causes of

action of any kind, whether for damages or restitution, of any kind and in any amount, including but not limited to punitive damages, special damages, speculative damages, statutory damages, mental anguish, emotional distress, exemplary damages, consequential damages, costs, attorneys' fees, penalties, fines, injunctive or other equitable relief, or any other relief, remedy, or right of action of any kind or nature, relating in any way to the RISCs, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that: (1) arise out of or are related in any way to any or all of the acts, omissions, facts, matters, transactions, and occurrences that were directly alleged, asserted, described, set forth, or referred to in the Action; or (2) are, were, or could have arisen out of or been related in any way to the financing, repossession, post-repossession sale, collections, or deficiencies regarding any loans or RISCs.  The claims discussed in this paragraph are hereafter referred to as "Released Claims."

      6.     The Settlement Class Members are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any other lawsuit in any state, territorial or federal court, or any arbitration or administrative or regulatory or other proceeding in any jurisdiction, which asserts claims based on or in any way related to the Released Claims against CitiFinancial or Santander, as broadly defined in the Stipulation under "Released Parties."  In addition, Settlement Class Members are enjoined from asserting as a defense, including as a set-off or for any other purpose, any argument against CitiFinancial or Santander, as broadly defined in the Stipulation under "Released Parties," that if raised as an independent claim would be a Released Claim.

### Applications for Attorneys' Fees, Costs, and Expenses and Representative Plaintiff Incentive Award

7. The Court has reviewed the application for an award of fees, costs, and expenses submitted by Class Counsel and the exhibits, memoranda of law, and other materials submitted in support of that application. (Docs. 53, 56.) The Court recognizes that CitiFinancial has not opposed the application for the class representative incentive award of $5,000 to be paid by CitiFinancial or an award of attorneys' fees and costs of $217,500 to be paid by CitiFinancial. This agreement is in addition to the other relief to be provided to Class Members under the Agreement. On the basis of its review of the foregoing, the Court finds that Class Counsel's request for attorneys' fees and expenses is fair, reasonable, and appropriate and hereby awards fees and expenses to Class Counsel in the aggregate amount of $ 217,500 and an incentive award to Plaintiff in the amount of $5,000, to be paid by CitiFinancial in accordance with the terms of the Stipulation.

### Other Provisions

8. Neither the Stipulation nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of the Plaintiff, any Settlement Class Member, CitiFinancial, Santander, or any other person of any liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and this Order, the Stipulation or any such communications shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; *provided, however,* that the Stipulation and this Order may be filed in any action by CitiFinancial, Santander, or Settlement Class Members seeking to enforce the Stipulation or the Final Judgment by injunctive or other relief, or to assert defenses including,

but not limited to, *res judicata,* collateral estoppel, release, good faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Stipulation's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Order that are maintained by, or on behalf of, the Settlement Class Members or any other person subject to the provisions of this Order.

9. In the event the Stipulation does not become effective or is canceled or terminated in accordance with the terms and provisions of the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and all orders entered in connection therewith by this Court shall be rendered null and void.

### Entry of Judgment; Continuing Jurisdiction

10. All Released Claims are dismissed with prejudice.

11. Without in any way affecting the finality of this Final Judgment, this Court hereby retains jurisdiction as to all matters relating to (a) the interpretation, administration, and consummation of the Stipulation and (b) the enforcement of the injunctions described in paragraph 6 of this Order.

SO ORDERED this 22nd day of December, 2014.

_____
TIMOTHY J. CORRIGAN
United States District Judge